IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JIMMY DON STEVENS, <br> ADC #116528 <br> <br> Plaintiff, <br> v. <br> <br> WILSON, LLC; *et al.* <br> <br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | No. 4:15CV00137-SWW |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Jimmy Don Stevens ("Plaintiff") brings this action alleging that the named Defendants violated his constitutional rights. (Doc. No. 2.) After review of Plaintiff's Complaint, the Court concludes that he has failed to state any claim upon which relief can be granted. Accordingly, this action, for the reasons stated hereafter, will be dismissed without prejudice.

**II.   SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,*

1

780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III. ANALYSIS

Plaintiff alleges that each of the named Defendants has denied him effective management of his finances or real estate. (Doc. No. 2.) None of his allegations, however, are appropriate for prosecution as part of a section 1983 action.

#### A. Defendants County Collector, Department of Veterans Affairs Representative, and Department of Veteran's Affairs

Plaintiff claims that the Marion County tax collector and a representative of the Department of Veterans Affairs, both unnamed, did not coordinate to ensure that he was provided with a notification that certain tax forms were due. (Doc. No. 2 at 5-6.) He alleges that this failure precluded him from filing for a tax deduction and claiming disabled veteran's status. (*Id.*) Any claim arising under section 1983, however, must implicate the deprivation of a federal right. *Gomez v. Toledo*, 446 U.S. 635, 640 (U.S. 1980). The Court finds that this claim fails to do so. Plaintiff has not identified any constitutional or statutory right which entitled him to a reminder from either Marion County officials or the Department of Veterans Affairs that the time limit to take advantage of certain tax deductions or benefits was approaching. That such reminders had purportedly been mailed in previous years does not give rise to a federal right to the same.

Even if such a right existed, however, Plaintiff would still not be able to proceed. This claim,

insofar as it does not allege that the aforementioned Defendants intended or conspired to withhold such notification from Plaintiff, sounds in negligence. Negligence is not an actionable theory under section 1983 to address a Fourteenth Amendment due process claim for the deprivation of property. *Daniels v. Williams*, 474 U.S. 327, 330-331 (1986).

Finally, the Court declines to interpret Plaintiff's claims against the Department of Veteran's Affairs as arising under the Federal Torts Claims Act. Notably, Plaintiff has not indicated his desire to pursue such an action in his Complaint. Additionally, 28 U.S.C. § 2675(a) provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Plaintiff provides no indication that he has presented the claim to the agency or received a corresponding denial.

### B.  Remaining Defendants

The other Defendants implicated in Plaintiff's Complaint are, without exception, private entities. They are: (1) Wilson, LLC, (2) The Hartford Insurance Company, (3) US Bank, (4) "US Bancorp Service Providers", (5) US Bank Home Mortgage, (6) US Bank National Association, (7) US Bank "Jane Doe" Branch Manager, and (8) Northland Group, Inc. (Doc. No. 2.) Section 1983 provides redress for deprivations committed by "a person acting under color of state law." *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 778 (8th Cir. 2001). Here, Plaintiff has not alleged that the conduct of any of these private entities amounted to a state action. Accordingly, he may not pursue his claims against them in this action.

### IV.  CONCLUSION

IT IS, THEREFORE, ORDERED that:

3

1. Plaintiff's Complaint (Doc. No. 2) is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

4. Any pending motions are dismissed as moot.

DATED this 18th day of March 2015.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

4